UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) No. 24-cr-10035-JEK |
| (1) HAN LEE, | ) |
| (2) JAMES LEE, and | ) |
| (3) JUNMYUNG LEE | ) |
| | ) |
| Defendants. | ) |

### INTERIM STATUS REPORT PURSUANT TO LOCAL RULE 116.5(b)

Pursuant to Local Rule 116.5(b), the United States, by its undersigned counsel, respectfully submits the following status report regarding the above-captioned matter, which is set for an interim status conference on July 18, 2024. The government conferred with counsel for all defendants prior to the filing of this report and understands that counsel agree with the information and requests set forth herein.

The parties request that this matter be referred up to the District Judge for an initial pretrial conference date. The parties request that this date be set no sooner than early to mid-September given the respective schedules of counsel. Since the parties are asking that this matter be sent up to the District Judge and this status conference essentially serves as a final status, the government addresses in this report items that are raised under Local Rule 116.5(c).

The government moves that the time between July 18, 2024 and the pretrial conference date before the District Judge be excluded under the Speedy Trial Act. Defendants – through counsel – assent to this request.

The defendants are charged with conspiracy to persuade, induce, entice, and coerce one or more individuals to travel in interstate or foreign commerce to engage in prostitution and money laundering conspiracy, in violations of 18 U.S.C. §§ 371 and 1956(h), respectively.

## I.  Status of Automatic Discovery & Additional Discovery Requests

The United States produced automatic discovery materials on or about March 5, 2024 and May 30, 2024. These productions were voluminous and defense counsel for the defendants continues to review the material. The materials produced in the March production include, *inter alia*, search warrant documents and corresponding materials, website and bank seizure warrants, and corresponding warrant materials, law enforcement reports, photographs, bank records, interview materials, rental documents and rental payments. The materials produced in the May production include records obtained pursuant to grand jury subpoenas to entities that include banks and other financial institutions, money transmitter businesses, airlines, a hospital, FedEx, Apple, and Amazon. The May production, too, was voluminous and the government contends that the financial records form part of the basis of the breadth of the money involved in and the strength of the money laundering conspiracy charge.

As described in prior status reports, some forensic searches of seized electronic devices are complete while others are still ongoing. To the extent the searches and resulting material are complete and available, the government has communicated with the defendants about which devices are complete and has made them available to the defendants at a mutually agreeable time. For devices that searches are still ongoing, the government anticipates producing copies if/when they are completed, and data becomes available.

The government continues to work with counsel for the defendants regarding any additional materials to be produced and/or made available to and/or requested by the defendants. The government contends that it has produced the discovery that it anticipates producing at this stage in the proceedings. The parties have been working together in good faith related to potential

additional discovery requests if any exist. Thus far, there have been none that require the Court's attention. At this time, the parties do not anticipate that there will be discovery motions that will require the Magistrate Judge's attention either. To the extent that position changes, the parties will promptly notify the clerks of the Magistrate and District Judge's sessions to request appropriate court action.

The United States understands that it has an ongoing and continuing duty to produce discovery.

### II. Protective Order

An assented-to motion for a protective order and proposed order were filed on April 29, 2024. The protected material, which has been provided to the defendants and marked as "Subject to Protective Order" thus far includes cooperating source material and personal identifying information of co-defendants (including the various identities alleged to have been used by James Lee to procure apartment leases), sex buyers and commercial sex workers.

### III. Pretrial Motions

Based on conversations with counsel for the defendants, the government does not anticipate that there will be any motions filed pursuant to Fed. R. Crim. P. 12(b).

### IV. Timing of Expert Disclosures

As detailed in the April 2024 status report, the United States proposed that the government provide expert disclosures 21 days before trial and the defendants provide disclosures 14 days before trial. The United States understands that the defendants reserve the right to request discovery concerning expert witnesses under Fed. R. Crim. P. 16(a). To the extent that expert discovery is requested by the defendants, the United States requests reciprocal discovery.

### V. Defenses of Insanity, Public Authority, Alibi

As the defendants represented at the April status conference and in the June status report, no defendants anticipate raising defenses of insanity, public authority or alibi at this time.

### VI. Periods of Excludable Delay

The government moves for excludable delay between July 18, 2024 and the initial pretrial conference date. If this motion is allowed, there will be no non-excludable days under the Speedy Trial Act.

### VII. Status of Plea Discussions, Likelihood and Length of Trial

The parties are actively engaged in plea discussions, including guidelines analyses, not limited to possible enhancements. While the parties are hopeful for a resolution short of trial, at this time they are not prepared to request Rule 11 dates. Instead, the parties contend that they will be better positioned at an initial pretrial conference date in September to represent to the District Judge whether the matters will resolve by means of a Rule 11, with or without plea agreements, or if the parties will select a trial date.

If there is a trial, the United States estimates a trial lasting seven to ten days depending on stipulations.

### VIII. Scheduling and Other Matters and STA

Because there are no matters that require this Court's attention, the parties believe it would be appropriate for the matters against all defendants to be referred up to the District Judge for a pretrial conference date in approximately 45-60 days. During that time, the parties will continue to confer related to potential appropriate resolution and the procedural posture of the case and if the parties are able to resolve the cases short of trial, with or without plea agreements. To the extent

that, prior to the initial pretrial conference date, any defendants are prepared to resolve the case short of trial, the parties will promptly notify the District Judge by means of a motion for a Rule 11. Given the schedules of counsel during the month of August, the parties believe it appropriate that any initial pretrial conference date occur in early to mid-September.

      Defendant Junmyung Lee may file a motion to modify conditions of release between now and the pretrial conference date and recognizes that such motion may require the attention of the Magistrate Judge. The parties contend that the possibility of the filing of such a motion does not require defendant Junmyung Lee's matter to remain before the Magistrate Court.

//

//

//

//

//

//

//

//

//

//

//

//

//

The United States moves the Court to exclude the time between July 18, 2024, to the first date before the District Judge, under the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i) and 3161(h)(7)(B)(iv) due to the discovery that has already been produced; the fact that counsel for the defendants need additional time to explore the potential disposition of the charges short of trial; the fact that the parties are engaged in discussions related to guidelines analysis and whether the matters, if to be resolved short of trial, will include possible plea agreements; and the potential for pretrial litigation should the case proceed to trial. Given the existence of these factors, the ends of justice are served by granting counsel for the defendants sufficient time to continue to explore possible resolution and review discovery materials is necessary for effective preparation and outweighs the best interests of the public and the defendants in a speedy trial.

The defendants – through counsel – assent to this request.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:   */s/ Lindsey E. Weinstein*
Lindsey E. Weinstein
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Lindsey E. Weinstein*
Lindsey E. Weinstein
Assistant U.S. Attorney

Dated: July 17, 2024