UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 24-CR-10035-JEK |
| ) | |
| JAMES LEE, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' MOTION FOR (1) ORDER OF FORFEITURE (MONEY JUDGMENT) AND (2) PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment) and a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C § 2461(c), 18 U.S.C. § 982(a)(1) and Rule 32.2(b) of the Federal Rules of Criminal Procedure. Proposed Orders of Forfeiture are submitted herewith. In support thereof, the United States sets forth the following:

1. On February 25, 2025, the United States Attorney for the District of Massachusetts filed a three-count Superseding Information, charging defendant James Lee (the "Defendant"), with Conspiracy to Persuade, Induce, Entice, and Coerce One or More Individuals to Travel in Interstate or Foreign Commerce to Engage in Prostitution, in violation of 18 U.S.C. § 371 (Count One); Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two); and Wire Fraud, in violation of 18 U.S.C. § 1343 (Count Three). *See* Docket No. 150.

2. The Superseding Information also included forfeiture allegations: (i) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Superseding Information of any property, real or personal, which constitutes or is

derived from proceeds traceable to the offense; and (ii) pursuant to 18 U.S.C. § 982(a)(1) upon conviction of the offense alleged in Count Two of any property, real or personal, involved in such offense, and any property traceable to such property. Such property specifically included, without limitation:

    a. $6,500 in United States currency seized from James Lee at 1030 Park Circe Drive, Torrance, California, 90502 on or about November 8, 2023;

    b. $5,000 in United States currency seized from James Lee at 1031 Park Circle Drive, Torrance, California, 90502 on or about November 8, 2023;

    c. $3,689.92 seized from Hanmi Bank checking account ending in *7665 held in the name of James Y. Lee seized on or about November 8, 2023; and

    d. $1,787.32 seized from Hanmi Bank savings account ending in *4307 held in the name of V.L. seized on or about November 8, 2023

(collectively, the "Properties"). Such property also included, with respect to Count One:

    a. $63,000 to be entered in the form of a forfeiture money judgment.

3. In addition, the Superseding Information included a forfeiture allegation pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek forfeiture, upon conviction of the offense alleged in Count Three of the Superseding Information of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. Such property specifically included, without limitation:

    a. $569,123, to be entered in the form of a forfeiture money judgment.

4. The Superseding Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty,

the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b).

5.      On February 26, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pleaded guilty to Counts One through Three of the Superseding Information pursuant to a written plea agreement that he signed on February 26, 2025.  *See* Docket No. 152.  In Section 6 of the plea agreement, the Defendant admitted that the Properties are subject to forfeiture because they constitute or are derived from, proceeds of the Defendant's offense, were used to facilitate the Defendant's offenses, and/or they were involved in Defendant's offenses charged in Counts One through Three.  *Id* at 5-6.

6.      The Defendant also admitted in the written plea agreement that $632,123 is subject to forfeiture on the grounds it is equal to the amount of proceeds the Defendant derived from the offenses.  *Id* at 5.

## Money Judgment

7.      Based on the Defendant's admissions in the written plea agreement and his guilty plea on February 26, 2025, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $632,123, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C § 2461(c) and 18 U.S.C. § 982(a)(1).[1]  This amount represents proceeds that the Defendant derived from his offenses.

---

[1] The government will credit the net proceeds from the forfeiture of the Properties towards the forfeiture money judgment after the entry of final orders of forfeiture and disposal of the Properties.

8.      The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace.  *See, e.g.*, *United States v. Ponzo*, 853 F.3d 558, 589-90 (1st Cir. 2017) (criminal forfeiture order may take several forms, including an in personam judgment against defendant for amount of money defendant obtained as proceeds of offense); *United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n.15 (1st Cir. 2011) ("A criminal forfeiture may take the form of either (1) 'an in personam judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense,' (2) forfeiture of specific assets related to criminal activity, or (3) forfeiture of 'substitute assets' if the specific assets are unavailable.") (citation omitted); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (same).

9.      Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment.  *See See Zorrilla-Echevarria*, 671 F.3d at 11 n.15 ("[a] money judgment permits the government to collect on the forfeiture order … even if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order"); *United States v. Saccoccia*, 564 F.3d 502, 506-07 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

10.     Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States.  Such discovery may include the taking of depositions of witnesses.  *See* 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. §  2461 and 18 U.S.C. § 982(b)(1); *see also United States*

*v. Saccoccia*, 354 F.3d 9, 15 (1st Cir. 2003) ("the government may utilize its enforcement powers under [18 U.S.C. §] 1963(k) to 'trace' tainted funds"); *United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

## Preliminary Order of Forfeiture

11.     In light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty. Accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1).

12.     Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

13.     Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Properties, and notice that any person, other than the Defendant, having or claiming a legal interest in the Properties, must file a petition with the Court within sixty (60) days after the first day of publication on the government

forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

14. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's claim and the relief sought and any additional facts supporting the petitioner's claim and the relief sought.

15. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Properties, as a substitute for published notice as to those persons to be notified.

WHEREFORE, the United States requests that this Court:

(a) enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

(b) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(c) retain jurisdiction for the purpose of enforcing the Order of Forfeiture (Money Judgment) and the Preliminary Order of Forfeiture;

(d) include the forfeiture, as set forth and in the Order of Forfeiture (Money Judgment) and the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(e) incorporate the Order of Forfeiture (Money Judgment) and the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Raquelle L. Kaye*
LINDSEY E. WEINSTEIN
RAQUELLE L. KAYE
Assistant United States Attorneys
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
raquelle.kaye@usdoj.gov

Dated: May 21, 2025